IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACIE KOBYLANSKI and TIMOTHY CONNERY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>MOTOROLA MOBILITY, INC.,<br>and MOTOROLA SOLUTIONS, INC.,<br>Delaware corporations.<br><br>     Defendants. | Civil Action No. 2:13-cv-01181-TFM<br><br>Judge Terrence F. McVerry |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE, AND SCHEDULING A FINAL SETTLEMENT HEARING (Exhibit A)**

  The Court has considered the Class Action Settlement Agreement and its exhibits; Plaintiffs' Motion for an Order preliminarily approving a class action Settlement directing the dissemination of Notice and setting a Final Settlement Hearing; and all other papers filed in this action. The matter having been submitted and good cause appearing therefore:

  The Court finds as follows:

  1. All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

  2. The Class Representatives, on behalf of themselves and the nationwide Class, and the Motorola Releasees, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

  3. The Court preliminarily concludes that, for the purposes of approving this Settlement only and for no other purpose and with no other effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not

occur, the proposed Rule 23 Class likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure:  (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representatives are typical of the claims of the members of the proposed Class; (d) the Class Representatives will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; (f) the counsel of record for the Class Representatives are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the Class; and (g) common issues will likely predominate over individual issues;

   4. Plaintiffs also have presented to the Court, for review, a Class Action Settlement Agreement.  The Settlement Agreement proposes a Settlement that is within the range of reasonableness and meets the requirements for preliminary approval; and

   5. Plaintiffs have presented to the Court, for review, a plan to provide Notice to the proposed Class of the terms of the Settlement and the various options that the Class has including, among other things, the option for Class Members to opt-out of the class action; to be represented by counsel of their choosing and object to the proposed settlement; and/or to become a Participating Claimant.  The Notice will be published consistent with the Settlement Agreement.  The Notice proposed by the Settling Parties is the best practicable under the circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B).

   Good cause appearing, therefore, IT IS HEREBY ORDERED that:

   1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Action Settlement Agreement is preliminarily approved.

   2. Notice of the proposed Settlement and the rights of Class Members to opt in and/or out of the Settlement and/or become Participating Claimants shall be given by issuance

of publication Notice consistent with the terms of the Settlement Agreement by **May 2, 2014.**

3. A hearing shall be held before this Court on **July 30, 2014 at 9:30 a.m.** to consider whether the Settlement should be given final approval by the Court:

(a) Written objections by Class Members to the proposed Settlement will be considered if received by Class Counsel on or before the Notice Response Deadline;

(b) At the Settlement Hearing, Class Members may be heard (orally or if they have timely submitted written objections) in opposition to the Settlement; and

(c) Class Counsel and counsel for Defendants should be prepared at the hearing to respond to objections filed by Class Members and provide other information as appropriate bearing on whether the Settlement should be approved.

4. In the event that the Effective Date occurs, all Class Members (including all known and unknown Members) will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.


DATED:  April 16, 2014                    s/ Terrence F. McVerry
                                          Terrence F. McVerry
                                          United States District Judge