IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACIE KOBYLANSKI and TIMOTHY CONNERY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>MOTOROLA MOBILITY, INC., and MOTOROLA SOLUTIONS, INC., Delaware corporations.<br><br>                Defendants. | Civil Action No. 2:13-cv-01181-TFM<br><br>Judge Terrence F. McVerry |

## JUDGMENT

This matter came for hearing upon the Parties' application for approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class; the Court having considered the Settlement Agreement, all papers filed, proceedings had, and all oral and written comments received regarding the proposed Settlement; the Court having reviewed the record in this Litigation; and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class (known and unknown), and Defendants.

3. The Court finds that the distribution of the Notice to Class Members Re:

Pendency of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the Notice to the Class was adequate.

4. The Court finds in favor of Settlement approval.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that each of the releases and other terms, are fair, just, reasonable, and adequate to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Class (known and unknown).  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

7. Solely for purposes of effectuating this settlement, this Court has certified a Class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation.

8. With respect to the Rule 23 Class and for purposes of approving this Settlement only, this Court finds and concludes that:  (a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representatives are typical of the claims of the Members of the Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this

controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representatives, *i.e.,* Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Class.

9. By this Judgment, the Class Representatives shall release, relinquish, and discharge, and each of the Settlement Class Members (known and unknown) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Motorola Releasees that accrued at any time on, or prior to, the date of Preliminary Approval for any type of relief whatsoever including, without limitation, compensatory damages, treble damages, unpaid costs, penalties, statutory damages, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, rescission, or equitable relief based on any and all claims which are, or could have been raised, in the Litigation either individually or on a class-wide basis, or which arise out of, or are in any way related to, Defendants' marketing and promotion of the MOTOACTV Device's durability and suitability as a wearable fitness performance tracker product designed to be "sweat-proof" and/or "rain-resistant" between January 1, 2011, through the Preliminary Approval Date.

10. This action is hereby dismissed in its entirety with prejudice.

11. Neither the Settlement Agreement nor any act performed or document executed pursuant to, or in furtherance of, the Settlement may be deemed to be or may be used as an admission of, or evidence of: (i) the validity of any Released Claim, or of any wrongdoing or liability of the Motorola Releasees, or any of them; or (ii) any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

12. The Motorola Releasees may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants. Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

14. Defendants have agreed to pay $355,000 for Class Counsel's reasonable attorneys' fees and allowable costs in this matter and have also agreed to pay $2,000 to each Class Representative as Plaintiff incentive payments. The Court finds that the amount of fees and costs requested by Class Counsel and the Plaintiff incentive payments are fair and reasonable. Defendants are directed to make such payments in accordance with the terms of the Settlement Agreement.

15. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class, and Defendants for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

16. This document shall constitute a Judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: October 9, 2014         s/ Terrence F. McVerry
                               Terrence F. McVerry
                               United States District Judge